UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
at Covington

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 2:25-cr-00038-SCM |
| | ) | |
| v. | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| GREGORY KIMBLE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

*** *** *** ***

The Defendant, Gregory Kimble, filed a Letter indicating that he was "acting pro se" and asking to withdraw his guilty plea and obtain an extension of the defensive motion deadline. [Dkt. 69 at 1–3]. The Court construes the Letter as a Motion to proceed pro se, to withdraw the Defendant's guilty plea, and for an extension of the defensive motion deadline. For all the reasons stated below and on the record during the hearing regarding this matter held on May 5, 2026 (the "plea withdrawal hearing"), the Court will grant the Defendant's request to proceed pro se. However, the Court will deny the Defendant's request to withdraw his guilty plea and will deny the Defendant's request to extend the defensive motion deadline as moot.

## I.    Background

As the Defendant's February 9, 2026 trial date approached, the Defendant filed a Motion for Rearraignment on February 4, 2026. [Dkt. 61]. The Court granted the Defendant's Motion for Rearraignment, and the Defendant was rearraigned and pled guilty to the single charge in the Indictment without a plea agreement on February

9, 2026. [Dkt. 63; Dkt. 66]. The Court then scheduled the Defendant's sentencing hearing for May 5, 2026. [Dkt. 64].

On April 16, 2026, the Court received an April 13, 2026 Letter from the Defendant. [Dkt. 69]. The Defendant's Letter requested withdrawal of his guilty plea and an extension of the defensive motion deadline. [*Id.* at 1–3]. The Defendant purported to be "acting pro se," [*id.* at 1], but it appeared to the Court that he was nonetheless still represented by his retained counsel, James Kolenich, who filed a Sentencing Memorandum on the Defendant's behalf about a week later. [*See* Dkt. 72].

In light of all this, the Court canceled the Defendant's sentencing and instead held a hearing regarding the Defendant's Letter. At that hearing, the Defendant announced his desire to discharge his retained counsel and to proceed pro se. The Defendant also argued in favor of his request to withdraw his guilty plea under Federal Rule of Criminal Procedure 11. The United States offered oral argument regarding withdrawal of the Defendant's guilty plea. The Court questioned the Defendant extensively about his requests and warned him about the risks of representing himself before orally ruling on those requests and summarizing the Court's conclusions on the record. The Court also advised the parties that a written Memorandum Opinion and Order would follow.

## II.  Analysis

The Defendant made two main requests:  First, he sought to discharge his retained counsel, waive his right to counsel, and proceed pro se.  Second, he moved

this Court to permit him to withdraw his guilty plea under Federal Rule of Criminal Procedure 11. The Court addresses each in turn.

### a. The Defendant validly waived his Sixth Amendment right to counsel.

At the start of the plea withdrawal hearing, the Court inquired whether Mr. Kolenich represented the Defendant. Mr. Kolenich answered that he was, at least until that moment, still the Defendant's counsel. Upon questioning by the Court, the Defendant clearly stated multiple times that he wanted to terminate his representation by Mr. Kolenich and to instead proceed pro se.[1] The Court then proceeded to hold a *Faretta* hearing.

The Sixth Circuit has "adopted a two-step approach to evaluate a defendant's purported initial waiver of his rights." *United States v. Fletcher*, No. 25-5468, 2026 WL 822272, at *7 (6th Cir. Mar. 25, 2026) (citing *United States v. Cromer*, 389 F.3d 662, 683 (6th Cir. 2004)). "First, the defendant must make a 'clear and unequivocal assertion of [his] right to self-representation.'" *Id.* (quoting *Cromer*, 389 F.3d at 683). "Second, the district court must ensure that the defendant's waiver is knowing, intelligent, and voluntary by warning him of 'the dangers and disadvantages of self-representation.'" *Id.* (quoting *Hill v. Curtin*, 792 F.3d 670, 677 (6th Cir. 2015) (en banc)). The Defendant does not need to have "the skill and experience of a lawyer in order competently and intelligently to choose self-representation," but the Defendant

---

[1] The Defendant was "free to fire [Mr. Kolenich] without asking leave of the court" because Mr. Kolenich was retained counsel, not court-appointed counsel. *See Penland v. Warden, Toledo Corr. Inst.*, No. 1:18-cv-648, 2022 WL 1266275, at *12 n.6 (S.D. Ohio Apr. 28, 2022). To proceed pro se, however, the Defendant required a *Faretta* hearing.

must nonetheless "'know[] what he is doing and [make] his choice … with eyes open.'" *Faretta v. California*, 422 U.S. 806, 835 (1975) (quoting *Adams v. United States ex rel. McCann*, 317 U.S. 269, 279 (1942)).

The first step is easily met here.  "No magic words are needed to waive the right to counsel," but "repeated and insistent expressions of an intent to proceed pro se provide strong evidence of an unequivocal waiver."  *Fletcher*, 2026 WL 822272, at *7 (citations omitted).  In response to the Court's questions at the plea withdrawal hearing, the Defendant clearly and unequivocally announced his desire to proceed pro se and to terminate his retained counsel several times.  While the Defendant's Letter was ambiguous about whether he intended to proceed without counsel, the Court is satisfied that the Defendant clearly asserted his right to self-representation at the plea withdrawal hearing.

The second step is likewise met.  The Supreme Court has instructed that criminal defendants seeking to proceed pro se "should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that 'he knows what he is doing and his choice is made with eyes open.'"  *Faretta*, 422 U.S. at 835 (quoting *Adams*, 317 U.S. at 279).  "[T]he Supreme Court has never 'prescribed any formula or script to be read to a defendant who states that he elects to proceed without counsel,'" but the Sixth Circuit has instructed "district courts to 'ask the defendant a series of questions drawn from, or substantially similar to, the model inquiry set forth in the *Bench Book for United States District Judges*.'"  *Fletcher*, 2026 WL 822272, at *9 (citations omitted).  At the plea withdrawal hearing, the Court

warned the Defendant about the risks of proceeding without an attorney, advised the Defendant against proceeding pro se, and asked the Defendant a series of questions drawn from the *Bench Book for United States District Judges* for this purpose. The Defendant's answers to those questions demonstrated that he understood the risks involved and that his waiver of his right to counsel was knowing, intelligent, and voluntary.

Because both steps of the inquiry are satisfied, the Court concludes that the Defendant has validly waived his Sixth Amendment right to counsel. The Defendant will be permitted to proceed pro se in this case, and his termination of James Kolenich as his retained counsel is hereby recognized.

### b. The Defendant does not establish a fair and just reason to withdraw his guilty plea.

Because the Defendant's Letter was filed while he was represented by counsel, the Defendant engaged in what is known as "hybrid representation." That is, he made filings in his case without going through his counsel. Courts in the Sixth Circuit will typically not consider a letter motion filed by a represented defendant himself because such "hybrid representation" is generally forbidden. *See United States v. Riley*, No. 4:24-cr-0023-03-RGJ, 2025 WL 3633608, at *1 (W.D. Ky. Dec. 15, 2025) ("a criminal defendant does not have the right to hybrid representation"). "Simply put, 'a defendant represented by counsel must rely upon that counsel.'" *Id.* (quoting *United States v. Darwich*, No. 09-cr-20280, 2010 WL 4822891, at *1 (E.D. Mich. Nov. 22, 2010)).

5

However, the Court has discretion to review letter motions like the Defendant's in appropriate circumstances, such as when the Court lacks "definitive knowledge" about whether the Defendant was represented by counsel at the time of filing. *See United States v. Al-Hisnawi*, No. 20-cr-20058, 2020 WL 2315878, at *2 (E.D. Mich. May 11, 2020) ("A court's discretion to reject hybrid representation may apply to the filing of motions." (quoting *United States v. Curry*, No. 13-20887, 2015 WL 4425926, at *2 (E.D. Mich. July 17, 2015))). Here, it was unclear until the plea withdrawal hearing whether the Defendant had terminated his retained counsel. For that reason, and in the interest of judicial economy, the Court considers the merits of the Defendant's letter motion to withdraw his guilty plea.

The Defendant must show a "fair and just reason for requesting the withdrawal" of the guilty plea. Fed. R. Crim. P. 11(d)(2)(B). Whether a defendant satisfies the fair-and-just-reason standard turns on the totality of the circumstances, which courts evaluate using seven factors: (1) the amount of time that elapsed between the plea and the motion to withdraw it; (2) the presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings; (3) whether the defendant has asserted or maintained his innocence; (4) the circumstances underlying the entry of the guilty plea; (5) the defendant's nature and background; (6) the degree to which the defendant has had prior experience with the criminal justice system; and (7) potential prejudice to the government if the motion to withdraw is granted. *United States v. Troutman*, No. 24-3721, 2025 WL 1144936, at *2 (6th Cir. Apr. 18, 2025) (quoting *United States v. Bashara*, 27 F.3d 1174, 1181

6

(6th Cir. 1994), *superseded on other grounds by Guidelines Amendment as recognized in United States v. Caseslorente*, 220 F.3d 727, 734 (6th Cir. 2000). As the Court explained during the plea withdrawal hearing, every *Bashara* factor weighs against the Defendant.

First, approximately sixty-three days elapsed between the Defendant's guilty plea on February 9, 2026 and when he mailed his Letter to the Court on April 13, 2026. The Sixth Circuit has routinely weighed similar periods of delay against defendants. *See United States v. Baez*, 87 F.3d 805, 808 (6th Cir. 1996) (sixty-seven day delay one of the "strongest factors" supporting denial of motion to withdraw plea); *United States v. Goldberg*, 862 F.2d 101, 103 (6th Cir. 1988) (fifty-five day delay); *United States v. Valdez*, 362 F.3d 903, 913 (6th Cir. 2004) (seventy-five day delay).

Second, the Defendant offered no valid explanation for why he did not move to withdraw his plea sooner. While he initially stated at the plea withdrawal hearing that he did not know withdrawing his guilty plea was an option for several weeks after his rearraignment took place on February 9, 2026, he later acknowledged that the Court advised him about the possibility of withdrawing his guilty plea and the relevant standards during the rearraignment. The Defendant's sole proffered excuse was factually unsupported, and his failure to provide any evidence supporting a "valid excuse for his delay" weighs against him. *See United States v. Catchings*, 708 F.3d 710, 718 (6th Cir. 2013).

Third, the Defendant does not maintain his innocence. To the contrary, the Defendant admitted under oath during both his rearraignment and the plea

7

withdrawal hearing that he is guilty.    The Court questioned the Defendant extensively on this point at the plea withdrawal hearing, and the Defendant acknowledged multiple times that he is, in fact, guilty.    Because the Defendant has consistently maintained that he is guilty, this factor weighs very heavily against him. *See id.*; *see also United States v. Dixon*, 479 F.3d 431, 437 (6th Cir. 2007) (ambiguous assertions of innocence are a "far cry from the 'vigorous and repeated protestations of innocence' that would support a motion to withdraw a guilty plea.'" (quoting *Baez*, 87 F.3d at 809)).

Fourth, the circumstances underlying the Defendant's plea weigh against him. The Court advised the Defendant of his constitutional rights at his rearraignment. The Defendant then articulated that he was entering his guilty plea knowingly and voluntarily, that he was satisfied with his attorney's representation, and that he was not being forced or coerced into pleading guilty.    Because "[t]he record indicates that [the Defendant] understood what he was doing and the constitutional rights he was waiving when" he pled guilty, "[t]he circumstances surrounding the entry of the guilty plea, therefore, support . . . denial of the motion to withdraw the plea." *United States v. Ellis*, 470 F.3d 275, 285 (6th Cir. 2006).

Fifth, the Defendant's nature and background weigh against granting his request to withdraw his guilty plea.  The Defendant stated at his rearraignment that he obtained some college education and indicated that he had no significant physical or mental issues that would impair his ability to reason.  The Court has observed the Defendant in the courtroom on multiple occasions, and it is apparent that he is

8

intelligent, articulate, and capable of understanding the consequences of his actions—including entering a guilty plea. This supports denial of the Defendant's motion to withdraw his guilty plea. *See id.*

Sixth, the Defendant has significant prior experience with the criminal justice system. The Defendant acknowledged serious prior criminal charges against him and admitted to being a convicted felon. The Defendant's substantial knowledge of the criminal justice system via his prior encounters and convictions weigh against him. *Dixon*, 479 F.3d at 437; *Troutman*, 2025 WL 1144936, at *2.

Finally, the Court considers the potential prejudice to the Government if the Defendant's guilty plea is withdrawn. Because the first six factors "uniformly weigh against" the Defendant, the Court need not address this factor. *United States v. Lewis*, 800 F. App'x 353, 360 (6th Cir. 2020). In the interest of being thorough, however, the Court notes that this factor also weighs against the Defendant—albeit not so much as the preceding six factors. Months have passed since the Defendant's rearraignment and guilty plea, which certainly impacts witnesses' availability and the Government's preparedness for trial. The Government would be mildly prejudiced by needing to prepare for trial once more, now several months after going "pencils down."

In sum, all seven *Bashara* factors weigh against the Defendant. Federal Rule of Criminal Procedure 11's provision for withdrawal of guilty pleas is designed "to allow a hastily entered plea made with unsure heart and confused mind to be undone, not to allow a defendant to make a tactical decision to enter a plea, wait several

9

weeks, and then obtain a withdrawal if he believes he made a bad choice in pleading guilty." *Ellis*, 470 F.3d at 280–81 (quoting *United States v. Alexander*, 948 F.2d 1002, 1004 (6th Cir. 1991)).  Having considered the *Bashara* factors and Rule 11's purpose, the Court concludes the Defendant is not entitled to withdraw his guilty plea.[2]

## III.   Conclusion

Accordingly, the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1) The Defendant's Letter [Dkt. 69] is construed as a motion, which is **GRANTED IN PART** and **DENIED IN PART** as follows:

   a) **GRANTED** as to the Defendant's request to waive his Sixth Amendment right to counsel and proceed pro se.  The Defendant's former retained counsel, James Kolenich, is discharged from any further duties in this case.

   b) **DENIED** as to the Defendant's request to withdraw his guilty plea.

   c) **DENIED AS MOOT** as to the Defendant's request to extend the defensive motion deadline.

2) A Sentencing Hearing is **SET** on Tuesday, June 9, 2026 at 10:00 a.m. at the United States Courthouse in Covington, Kentucky.

3) Any motions or objections regarding the Presentence Report shall be postmarked or filed no later than **May 15, 2026**.  Responses to any

---

[2] Because the Defendant's guilty plea is not withdrawn, the Defendant's request to extend the defensive motion deadline is moot.

motions or objections must be postmarked or filed no later than **June 1, 2026**.

4)   The Clerk shall send copies of this Memorandum Opinion and Order and all further filings in this case to the Defendant, Gregory Kimble, acting pro se.

5)   The Defendant is remanded to the custody of the United States Marshals pending sentencing.

Signed this 6th day of May, 2026.

S. Chad Meredith, District Judge
United States District Court
Eastern District of Kentucky

11