UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
at Covington

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 2:25-cr-00038-SCM |
| | ) | |
| v. | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| GREGORY KIMBLE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On May 6, 2026, this Court denied Defendant Gregory Kimble's Motion to Withdraw Guilty Plea.  [Dkt. 76].  On June 5, 2026, the Defendant filed a second Motion to Withdraw Guilty Plea.  [Dkt. 84].  The Court denies this latter Motion as well for all the following reasons and any others discussed by the Court on the record during the June 9, 2026 hearing.

The Defendant must show a "fair and just reason for requesting the withdrawal" of the guilty plea.  Fed. R. Crim. P. 11(d)(2)(B).  Rule 11(d) allows for a "hastily entered plea made with unsure heart and confused mind to be undone," but it does not permit a defendant "to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes that he made a bad choice in pleading guilty."  *United States v. Carson*, 32 F.4th 615, 623–24 (6th Cir. 2022) (quoting *United States v. Dixon*, 479 F.3d 431, 436 (6th Cir. 2007)).

Whether a defendant satisfies the fair-and-just-reason standard turns on the totality of the circumstances, which courts evaluate using seven factors:  (1) the

amount of time that elapsed between the plea and the motion to withdraw it; (2) the presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings; (3) whether the defendant has asserted or maintained his innocence; (4) the circumstances underlying the entry of the guilty plea; (5) the defendant's nature and background; (6) the degree to which the defendant has had prior experience with the criminal justice system; and (7) potential prejudice to the government if the motion to withdraw is granted. *United States v. Troutman*, No. 24-3721, 2025 WL 1144936, at *2 (6th Cir. Apr. 18, 2025) (quoting *United States v. Bashara*, 27 F.3d 1174, 1181 (6th Cir. 1994), *superseded on other grounds by Guidelines Amendment as recognized in United States v. Caseslorente*, 220 F.3d 727, 734 (6th Cir. 2000)). As the Court explained on the record before proceeding with the June 9, 2026 sentencing hearing in this case, every *Bashara* factor weighs against the Defendant.

First, the amount of time that passed still weighs against the Defendant. Over 60 days passed between the Defendant's guilty plea and his first motion to withdraw. [Dkt. 76 at 7]. Even more time—almost a month—passed between when the Court denied the Defendant's first motion to withdraw his guilty plea and when the Defendant filed his second motion. The Sixth Circuit has said that periods as short as 35 days weigh against withdrawal. *See, e.g., United States v. Spencer*, 836 F.2d 236, 239 (6th Cir. 1987) (35 days); *see also United States v. Carson*, 32 F.4th 615, 624 (6th Cir. 2022) (59 days). The first factor still weighs against permitting withdrawal.

Second, the Defendant has not offered a valid explanation for why he did not

2

move sooner. The Defendant now argues that he was affected by temporary depression because of this case and that he was not able to access the law library due to a jail policy because he was previously represented by counsel. [*See* Dkt. 84 at 1–2]. These proffered reasons appear to conflict with the Defendant's prior sworn testimony. But even taken as true, they do not constitute valid explanations for the Defendant's two months of inaction. At the Defendant's rearraignment, the Court discussed both the Defendant's option to withdraw his plea and the difficulty of moving to withdraw with the Defendant. The Defendant thus knew withdrawing was a possibility when he pled guilty, and he could have sought to withdraw his plea much sooner if he believed he was innocent. He did not. The lack of a "valid excuse for his delay" weighs against the Defendant. *United States v. Catchings*, 708 F.3d 710, 718 (6th Cir. 2013).

Third, the Defendant has not consistently maintained his innocence. In fact, he has at multiple points testified that he committed the acts of which he is accused and is guilty. The Defendant now argues that he is innocent of being a felon in possession of a firearm—despite admitting under oath to committing the elements of the offense—based on what he referred to as a "technicality" (*i.e.*, a proposed necessity affirmative defense that the Defendant never developed and of which there is scant supporting evidence in the record). In light of the Defendant's multiple statements under oath that clearly acknowledge guilt upon questioning by this Court, the Court concludes that he has not consistently maintained his innocence. *See Dixon*, 479 F.3d at 437 (ambiguous assertions of innocence are a "far cry from the 'vigorous and

3

repeated protestations of innocence' that would support a motion to withdraw a guilty plea.'" (quoting *United States v. Baez*, 87 F.3d 805, 809 (6th Cir. 1996))).  This factor weighs against the Defendant.

Fourth, the circumstances underlying the Defendant's plea weigh against him. This Court advised the Defendant of his constitutional rights at his rearraignment. The Defendant testified he was entering his guilty plea knowingly and voluntarily. The Defendant specifically denied that he was being affected by any depression or anxiety and reported that he was treated for those issues while incarcerated.  The Defendant testified that he was satisfied with his attorney's representation and that he was not being forced or coerced into pleading guilty.  In short, the Defendant knew what he was doing when he pled guilty and understood the consequences of that act. The Defendant now contends that, based on his now-discharged counsel's advice, he felt like he had no other good option besides pleading guilty.  But nothing to which the Defendant has credibly testified establishes that the advice the Defendant received in this regard fell outside the range of competence demanded of attorneys in criminal matters.  Attorneys are allowed—and in some cases required—to advise their clients that it is in their interests to plead guilty based on the evidence against them.  That appears to be what happened here.  There is no indication that the Defendant was misled about the consequences of pleading guilty or that he otherwise could not understand what he was doing and its implications.  Because "[t]he record indicates that [the Defendant] understood what he was doing and the constitutional rights he was waiving when" he pled guilty, "[t]he circumstances surrounding the

4

entry of the guilty plea, therefore, support . . . denial of the motion to withdraw the plea." *United States v. Ellis*, 470 F.3d 275, 285 (6th Cir. 2006).

Fifth, the Defendant's nature and background weigh against withdrawal. The Defendant has a GED and took some college classes. He testified that he has no significant physical or mental issues that would impair his ability to reason. The Court has observed the Defendant in the courtroom several times, and he is clearly intelligent, articulate, and capable of understanding the consequences of his actions—including entering a guilty plea. The Defendant has never claimed that his ability to understand the proceedings in this case was impaired. As a matter of fact, the Defendant credibly testified multiple times that he knew what he was doing when he pled guilty. The Court understands that the Defendant now says he feels like he was "coaxed" into pleading guilty by his counsel. [Dkt. 84 at 3]. But that is irrelevant to the Defendant's nature and background. The Defendant was capable of understanding the consequences of his guilty plea and testified that he did, in fact, understand those consequences. This supports denial of the Defendant's motion to withdraw his guilty plea. *See Ellis*, 470 F.3d at 285.

Sixth, the Defendant has substantial experience with the criminal justice system. The Defendant acknowledged under oath that he had serious prior criminal charges and that he is a convicted felon. The question is not whether the Defendant has broad knowledge of the law, as he argues, [Dkt. 84 at 4]—it is whether the Defendant generally understands the criminal justice system. Based on his prior

experience with the criminal justice system, the Defendant certainly does.[1]  That weighs against withdrawal.  *Dixon*, 479 F.3d at 437; *Troutman*, 2025 WL 1144936, at *2.

Finally, the Court considers the potential prejudice to the Government if the Defendant's guilty plea is withdrawn.  Because the first six factors "uniformly weigh against" the Defendant, the Court need not address this factor.  *United States v. Lewis*, 800 F. App'x 353, 360 (6th Cir. 2020).  However, in the interest of completeness, the Court notes that this factor also weighs against the Defendant— albeit not so much as the preceding six factors.  Several months have passed since the Defendant's rearraignment and guilty plea, which no doubt impacts the availability of witnesses and the Government's preparedness for trial.  The Court concludes the Government would be mildly prejudiced by needing to expend time and resources to prepare for trial once again.

In sum, all seven *Bashara* factors weigh against the Defendant.  Federal Rule of Criminal Procedure 11's provision for withdrawal of guilty pleas is designed "to allow a hastily entered plea made with unsure heart and confused mind to be undone, not to allow a defendant to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes he made a bad choice in pleading guilty."  *Ellis*, 470 F.3d at 280–81 (quoting *United States v. Alexander*, 948 F.2d 1002,

---

[1] The Defendant's allegation that the criminal justice system in northern Kentucky is "corrupt[]" and "discriminat[ory]," [Dkt. 84 at 4], has no relevance to this factor.

1004 (6th Cir. 1991)). Having considered the *Bashara* factors and Rule 11's purpose, the Court concludes the Defendant is not entitled to withdraw his guilty plea.

Accordingly, for these reasons and any other reasons discussed by the Court on the record during the June 9, 2026 hearing, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1) The Defendant's Motion to Withdraw Guilty Plea, [Dkt. 84], is **DENIED**.

Signed this 10th day of June, 2026.

S. Chad Meredith, District Judge
United States District Court
Eastern District of Kentucky